IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Victor Duffey, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 8:19-cv-665-TMC |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Wal-Mart Stores East LP, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Victor Duffey ("Plaintiff") originally brought this action in South Carolina state court against his former employer, Defendant Wal-Mart Stores East LP ("Wal-Mart"), alleging violations of the Americans with Disabilities Act ("ADA")[1] and the Family and Medical Leave Act ("FMLA").[2] (ECF No. 1-1). On March 6, 2019, Wal-Mart removed the action to this court based on federal question jurisdiction arising from Plaintiff's claims. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), this matter was referred to a magistrate judge for pretrial handling.

On May 20, 2020, Wal-Mart filed a motion for summary judgment. (ECF No. 34). Plaintiff filed his response in opposition to Wal-Mart's motion on June 17, 2020, (ECF No. 37), and Wal-Mart replied (ECF No. 41). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant Wal-Mart's motion for summary judgment. (ECF No. 42). Plaintiff filed objections to the Report, (ECF No. 43), and Wal-Mart timely filed a response to Plaintiff's objections (ECF No. 46). Accordingly, this matter is now ripe for review. After carefully reviewing the record and the submissions of the parties, the court

---

[1] 42 U.S.C. §§ 12101–12213.
[2] 29 U.S.C. §§ 2601–2654.

1

concludes a hearing is unnecessary to decide this matter. For the reasons set forth below, the court grants summary judgment in favor of Wal-Mart.

## BACKGROUND

Upon review of the parties' briefing, the record, and the magistrate judge's Report, the court adopts the procedural history, factual background, and evidence as thoroughly set forth in the Report. *See* (ECF No. 42 at 1–11). The magistrate judge first noted that all of Plaintiff's claims under the ADA and FMLA are properly analyzed under the three-step, burden-shifting framework set forth in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973), such that if the plaintiff establishes a *prima facie* case of discrimination or retaliation, the burden shifts to the employer to articulate a legitimate, nonretaliatory reason for the adverse employment action and, if the employer meets this burden, the plaintiff must then prove by a preponderance of the evidence that the employer's state reason was merely a pretext for retaliation or discrimination. *See id*. at 13–15.

Applying this framework, the magistrate judge assumed for the purposes of her analysis that Plaintiff would be able to establish a prima facie case of ADA discrimination and retaliation and FMLA retaliation. *Id*. at 15. The magistrate judge then found that Wal-Mart had "articulated a legitimate, nondiscriminatory and nonretaliatory reason for the actions Plaintiff challenges" based on Wal-Mart's assertions and evidence "that Plaintiff's performance consistently failed to meet [Wal-Mart's] standards in several specified areas." *Id*. Thus, under *McDonnell Douglas*, the burden shifted back to Plaintiff to prove that this reason was merely pretext for Wal-Mart's alleged discrimination and retaliation. *Id*.

The magistrate judge found that "[t]he performance issues on which Plaintiff's coachings and termination were based were well documented over a period of many months[,]" and noted

2

Plaintiff himself agreed that the photographs taken in the store between his return to work in April 2018 and his termination in June 2018 "depict unsatisfactory store conditions that no manager would find acceptable." *Id*. at 16–17. Despite Plaintiff's testimony conceding the repeated unacceptability of his store's conditions, however, he asserted numerous arguments in support of his claims that his termination[3] was actually the result of his disability or protected activities, rather than his performance. *See generally* (ECF No. 37). The magistrate judge distilled Plaintiff's arguments into four categories—"attempts to minimize his responsibility for the store conditions, arguments that other factors warranted leniency, arguments that [his supervisors] were biased against him, and attempts to link [his supervisor's] actions specifically to either the perception that Plaintiff was disabled or to his protected activity"—and thoroughly considered and discussed each of them. (ECF No. 42 at 17–24).

Specifically, the magistrate judge found that Plaintiff's attempts to minimize his responsibility for the condition of his store failed to acknowledge Plaintiff's own testimony that "it was his responsibility to those working under him to perform because 'ultimately, the store manager is responsible for the conditions of the store . . . not just one thing, everything.'" *Id*. at 17–18 (quoting ECF No. 34-2 at 106, 147 (Plaintiff's deposition testimony)). With respect to Plaintiff's second set of arguments—that Wal-Mart should have been more lenient with him—the

---

[3] In its motion for summary judgment, Wal-Mart argued it is entitled to judgment as a matter of law on all of Plaintiff's claims. *See* (ECF No. 34). Consequently, the magistrate judge thoroughly analyzed Plaintiff's claims in relation to both the written coachings as well as Plaintiff's termination. *See* (ECF No. 42). The court notes, however, that although Plaintiff repeatedly references his coachings when stating the facts of the case, his arguments in response to Wal-Mart's motion for summary judgment focus exclusively on his termination. *See* (ECF No. 37 at 18–32). Similarly, in his objections to the Report, Plaintiff does not address any of the magistrate judge's findings as to the coachings, but rather objects only as to his termination. *See* (ECF No. 43). Accordingly, to the extent Plaintiff's Complaint seeks to assert his claims of ADA discrimination and retaliation and FMLA retaliation based on both the coachings and Plaintiff's termination, the court finds that Plaintiff has abandoned his claims as to the coachings by failing to address them in his response in opposition to Wal-Mart's motion for summary judgment and his objections to the Report. *Eady v. Veolia Transp. Servs., Inc*., 609 F. Supp. 2d 540, 560–61 (D.S.C. 2009) ("The failure of a party to address an issue raised in summary judgment may be considered a waiver or abandonment of the relevant cause of action."); *see also Crosby v. City of Gastonia*, 635 F.3d 634, 638 n.3 (4th Cir. 2011) (recognizing that allegations neither argued nor briefed at the summary judgment stage are deemed abandoned).

magistrate judge found that "many different managers at different levels considered Plaintiff's failure to correct many of the problems identified in the three separate coachings over many months and determined that he should be terminated." *Id*. at 19.  The magistrate judge then correctly concluded that Plaintiff's disagreement with Wal-Mart's decision to terminate him is immaterial. *Id*. (citing *King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003) (noting a plaintiff's "own testimony, of course, cannot establish a genuine issue as to whether [plaintiff] was meeting [the employer's] expectations"); *Newby v. Whitman*, 340 F. Supp. 2d 637, 642 (M.D.N.C. 2004) (granting summary judgment for employer and noting that "Plaintiff cannot establish discrimination by disagreeing with his employer's assessment of his work performance")). Turning to Plaintiff's third and fourth set of arguments claiming that Plaintiff's immediate supervisors were biased against him and acted illegally towards him, the magistrate judge found that the majority of Plaintiff's arguments are entirely unsupported by any evidence in the record and that the few pieces of evidence Plaintiff does cite consist purely of Plaintiff's own self-serving testimony and inadmissible hearsay. *Id*. at 19–24.

Additionally, the magistrate judge analyzed *Bradford v. Molina Healthcare of South Carolina, LLC*, No. 2:18-cv-649-RMG, 2020 WL 373194 (D.S.C. Jan. 23, 2020), on which Plaintiff relied to argue that summary judgment is improper in this case. *Id*. at 20, 20 n.13. The magistrate judge noted that "the plaintiff in *Bradford* was able to point to evidence establishing an issue of material fact as to whether the defendant's proffered reason for terminating her—that it conducted an enterprise wide reduction in force—was actually pretext for discrimination and retaliation." *Id*. at 20 n.13 (citing *Bradford*, 2020 WL 373194, at *5–6). Specifically, the plaintiff in *Bradford* "was given a lower evaluation score 'despite testimony that [a similarly situated employee's] performance as a supervisor fell below that of his peers, and that Plaintiff was a good

4

and engaging team leader.'" *Id*. (quoting *Bradford*, 2020 WL 373194, at *5). The magistrate judge found that in this case, on the other hand, Plaintiff conceded "he had no first-hand knowledge of [his supervisor's] coaching of other managers," and "has not forecasted any evidence to show that [Wal-Mart's] proffered reason for terminating him is actually a pretext for discrimination or retaliation, much less conflicting testimony about his performance or evidence that [Wal-Mart] treated Plaintiff any differently than they treated other employees" such that there is any material question of fact that would make summary judgment inappropriate. *Id*. at 20, 20 n.13. Thus, the magistrate judge concluded that the court's ruling in *Bradford* was based on distinguishable facts and is not controlling in this case. *See id*. Accordingly, the magistrate judge recommends the court grant summary judgment in favor of Wal-Mart on all Plaintiff's claims. *Id*. at 24.

On September 18, 2020, Plaintiff filed objections to the magistrate judge's Report. (ECF No. 43). Plaintiff's first and second objections assert that the magistrate judge erred in finding the facts in *Bradford* distinguishable from those in this case and in failing to apply *Bradford* as controlling precedent requiring the denial of summary judgment. *See id*. at 3–6. In his third objection, Plaintiff argues the magistrate judge "ignored direct evidence of pretext coming from [Plaintiff's supervisor,] Lisa Ratcliffe's[,] statements and actions." *Id*. at 6. Specifically, Plaintiff points to three instances which he contends "reveal[] the alleged reasons for [Ratcliffe's] actions to be pretextual excuses for unlawful discrimination and retaliation." *Id*. Two of the three instances—an email Ratcliffe sent after being notified that Plaintiff's FMLA leave had been extended and the January 2018 visit Ratcliff made to Plaintiff's store to deliver the third written coaching—were already raised in Plaintiff's response in opposition to summary judgment and fully considered and rejected by the magistrate judge as raising a material question of fact as to pretext. *See* (ECF Nos. 37 at 27–32; 42 at 5–6, 21–23, 23 n.17). The last occurrence on which

5

Plaintiff's third objection relies is his own statement made in an EEOC Complaint, based on hearsay, that he was "told that [Ratcliffe] had come to the store saying, 'I want to find things out on Victor[.]'" *Id*. at 7; *see also* (ECF No. 34-3 at 72). However, although Plaintiff mentioned this statement in his recitation of the facts in his opposition brief, this is the first time he has made any argument regarding this statement, let alone that it constitutes "direct evidence of pretext." (ECF No. 43 at 6–7). Plaintiff's fourth objection asserts that the magistrate judge "ignored the evidence showing a change in behavior by [Wal-Mart] after Plaintiff made [Wal-Mart] aware of his disability and need for FMLA leave[,]" based on the fact that Plaintiff had been "rated as a solid performer up until the year in which his disability and need for FMLA leave arose." *Id*. at 8–9. Finally, in his fifth objection, Plaintiff argues the magistrate judge erred in failing to find that Wal-Mart's decision to terminate Plaintiff was unreasonable and, therefore, supports a finding of pretext, based on Plaintiff's "outstanding performance" and store metrics. *Id*. at 9–11.

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual

and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).  On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections.  *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge").  Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation.  *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden

of proof at trial.'" *Phillips v. Nlyte Software Am. Ltd.*, 615 Fed. App'x 151, 152 (4th Cir. 2015) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

"'In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party.'" *Sellers v. Keller Unlimited LLC*, 388 F. Supp. 3d 646, 649 (D.S.C. 2019) (quoting *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996)). However, "'[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.'" *McKinney v. G4S Gov't Sols., Inc.*, 711 Fed. App'x 130, 134 (4th Cir. 2017) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party has the burden of proving that summary judgment is appropriate. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Lane & Roderick, Inc.*, 736 Fed. App'x 400, 400 (4th Cir. 2018) (citing *Celotex Corp.*, 477 U.S. at 322–23). Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015).

## DISCUSSION

As noted above, to the extent Plaintiff's third objection asserts that the magistrate judge ignored Plaintiff's claim that he was told Ratcliffe had come to the store during his absence to "find things out" about him as evidence of pretext, this is the first time Plaintiff has raised any argument with respect this statement. Federal district "[c]ourts have frowned upon objections to R&Rs that make new arguments that serve as a new basis for" a Plaintiff's claims and, thus, "the court is not obligated to consider new arguments raised by a party for the first time in objection to

the magistrate's report." *Elliott v. Oldcastle Lawn & Garden, Inc.*, No. 2:16-cv-01929-DCN, 2017 WL 1206408, at *3 (D.S.C. March 31, 2017); *see also Clark v. Thompson*, Civ. A. No. 0:12-cv-02669-RBH, 2014 WL 1234347, at *2 (D.S.C. March 25, 2014) (noting a party's new argument raised for the first time in his objections "must be overruled as untimely and thus improper"). Nevertheless, even if the court were to consider Plaintiff's objection, the court would find the magistrate judge properly disregarded this statement which amounts to nothing more than Plaintiff's own self-serving, hearsay claim and is insufficient to create a material question of fact to survive summary judgment.[4] *See, e.g.*, *Farrar & Farrar Farms v. Miller-St. Nazianz, Inc.*, 477 Fed. App'x 981, 986 (4th Cir. 2012) (declining to consider proffered evidence as inadmissible hearsay on motion for summary judgment); *Md. Highways Contractors Ass'n v. State of Maryland*, 933 F.2d 1246, 1251 (4th Cir. 1991) ("[H]earsay evidence, which is inadmissible at trial, cannot be considered on a motion for summary judgment."). Accordingly, this objection is overruled.

The remainder of Plaintiff's objections, as Wal-Mart pointed out in its response thereto, "merely summarize[] what he has presented before and voice[] his disagreement" with the magistrate judge's conclusion that he failed to present sufficient evidence of pretext as to any of his claims. (ECF No. 46 at 4). It is well-settled in this Circuit that "an objection that merely

---

[4] Plaintiff argues that because Ratcliffe denies making the statement, there is a material question of fact as to whether this statement was made. (ECF No. 43 at 7). However, because the only admissible evidence in the record is from Ratcliffe's own declaration denying the statement was ever made, the record fails to establish any question of fact on this issue. Moreover, the relevant inquiry on summary judgment is not simply whether a question of fact exists; rather, "[t]he disputed facts must be material to an issue necessary for the proper resolution of the case, and the quality and quantity of the evidence offered to create a question of fact must be adequate to support a jury verdict." *Thompson Everett, Inc. v. Nat'l Cable Advertising, L.P.*, 57 F.3d 1317, 1323 (4th Cir. 1995). In this case, whether Ratcliffe made this statement is not material to any of the claims at issue in this case. In his EEOC Complaint, Plaintiff asserted that Ratcliffe visited his store and made this statement was made while he was on FMLA leave *after* he received all three written coachings. (ECF No. 34-3 at 72). Additionally, the undisputed evidence in the record establishes that although Ratcliffe, along with a Human Resources manager, recommended Plaintiff's termination, the ultimate decision to terminate Plaintiff was made by Wal-Mart's Vice President of Human Resources after consultation with the Regional Manager and Regional Human Resources Manager. *See* (ECF Nos. 34-4 at 5–6; 34-5 at 4–8; 34-6 at ¶¶ 3–7). Therefore, whether Ratcliffe made this statement is entirely irrelevant to the ultimate question of whether Wal-Mart's termination of Plaintiff was the result of any discriminatory or retaliatory animus. Accordingly, this issue fails to constitute a material question of fact.

repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object." *Jesse S. v. Saul*, No. 7:17-cv-00211, 2019 WL 3824253, at *1 (W.D. Va. Aug. 14, 2019); *see also, e.g.*, *Howard*, 408 F. Supp. 3d at 726 (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (finding that the rehashing of arguments raised to the magistrate judge does not comply with the requirement to file specific objections). Indeed, a district court "may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (internal quotation marks omitted). Moreover, these objections state nothing more than Plaintiff's "disagreement with [the] magistrate's suggested resolution," rather than specifically identifying any factual or legal error in the Report. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Accordingly, the remainder of the Report and the magistrate judge's recommendations are reviewed only for clear error and the court need not provide any explanation for adopting the magistrate judge's recommendations. *Camby*, 718 F.2d at 199–200; *Dunlap*, 288 F. Supp. 3d at 662. Having carefully and thoroughly reviewed the Report, the record, and the parties' briefing, the court finds no clear error, overrules the remainder of Plaintiff's objections, (ECF No. 43), and adopts the Report in its entirety.

## CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's Report (ECF No. 42), incorporates the Report herein by reference, and **GRANTS** Wal-Mart's motion for summary judgment (ECF No. 34).

**IT IS SO ORDERED.**

                                                       s/Timothy M. Cain  
                                                      United States District Judge

January 7, 2021  
Anderson, South Carolina